UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 1:02-cr-282-01

v                                         HON. JANET T. NEFF

JOSE ANTONIO ORTIZ-ROHENA,

       Defendant.
_____/

**ORDER**

      Pending before the Court is the Government's Motion to Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35(b). The Court has reviewed the Motion and finds a formal hearing unnecessary. FED. R. CRIM. P. 43(b)(4).

      On April 15, 2003, then United States District Court Judge David W. McKeague sentenced defendant to a term of imprisonment of 78 months for the offense possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii). The offense was subject to a five-year statutory mandatory minimum sentence. See 21 U.S.C. §§ 841(a)(1), & 841(b)(1)(B)(iii). Under the United States Sentencing Guidelines (effective Jan. 25, 2003), defendant was originally scored at a Total Offense Level 27 and Criminal History Category II, yielding a Guideline range for imprisonment of 78 to 97 months.

      FED. R. CRIM. P. 35(b)(2) provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B)

information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant." FED. R. CRIM. P. 35(b)(4) also provides that "[w]hen acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute."

In its motion, the government states that defendant's cooperation, including his willingness to testify at both the trial and sentencing of a cohort, Gilberto Lopez, in 2007, has been on-going since shortly before defendant's plea of guilty. Because of defendant's substantial assistance, the Government recommends a 3 level reduction from defendant's adjusted offense level and that defendant be re-sentenced without regard to the statutory mandatory minimum sentence.

Rule 35 motions are governed by the same substantial assistance factors considered under United States Sentencing Guideline § 5K1.1. See *U.S. v. Moran,* 325 F.3d 790, 793 (6th Cir. 2003). The only practical difference is one of timing. Rule 35(b) allows the government to move for a reduction in sentence based on substantial assistance to the government after sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance before sentencing. *Moran, supra.*

The § 5K1.1 factors are the following: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of the information or testimony provided; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or any danger

or other risk of injury to defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance.

Upon review of defendant's assistance, the Court finds that each factor is present in this case in some degree and that a reduction of sentence is warranted. Defendant's cooperation has been ongoing since shortly before his plea of guilty. The Government twice relied on defendant's direct assistance in the prosecution and sentencing of Lopez, both instances in which defendant was prepared to testify. In the most recent instance, only after defendant was brought to Grand Rapids to testify at Lopez's sentencing in October 2007, did Lopez withdraw his objections to the Presentence Report concerning drug quantity and his role in the offense. Lopez was sentenced to 136 months in prison.

After considering the § 5K1.1 factors and the extent of defendant's assistance, the Court has determined that the motion should be granted and the Court will apply a 3-level reduction to defendant's adjusted offense level. This reduction results in a new advisory Guideline range of 57 to 71 months. In its discretion, the Court finds appropriate a sentence of the time served. Therefore,

**IT IS HEREBY ORDERED** that the Motion to Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35(b) (Dkt 52) is **GRANTED**, and defendant's term of imprisonment is reduced to sixty-eight (68) months and twenty-one (21) days.

**IT IS FURTHER ORDERED** that the conditions of supervised release are amended to include a condition that the defendant reside for a period of six (6) weeks in a half-way house type facility with work release privileges. An Amended Judgment in accordance with this order shall issue.

Dated:  May 13, 2008                  /s/Janet T. Neff
                                                                          JANET T. NEFF
                                                                          UNITED STATES DISTRICT JUDGE